## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRANDON RIGGINS**                                                    **CIVIL ACTION**

**VERSUS**                                                                    **NO. 12-737**

**N. BURL CAIN**                                                    **SECTION "G" (1)**


### ORDER AND REASONS

Before the Court are Petitioner Brandon Riggins's ("Petitioner") objections[1] to the May 2, 2012, Report and Recommendation of the United States Magistrate Judge assigned the case.[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed a petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254.[3] Petitioner argues that his Sixth and Fourteenth Amendment rights were violated during his trial.[4] The Magistrate Judge recommends that the matter be dismissed with prejudice.[5]  Petitioner objects to each of the findings of the Magistrate Judge.[6] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record, and the applicable law, the Court will adopt the Magistrate Judge's recommendation, overrule Petitioner's objections and dismiss this action with prejudice.

---

[1] Rec. Doc. 18.

[2] Rec. Doc. 17.

[3] Rec. Doc. 3.

[4] *Id*. at 4.

[5] Rec. Doc. 17 at 27.

[6] Rec. Doc. 18.

# I. Background

### A. Factual Background

On May 16, 2006, Petitioner was tried and convicted for armed robbery and aggravated kidnapping under Louisiana law.[7] On June 30, 2008, he was sentenced to a term of ninety-nine years imprisonment on the armed robbery conviction and a term of life imprisonment on the aggravated kidnapping conviction without benefit of parole, probation, or suspension of sentence.[8] On April 7, 2009, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's convictions and sentences.[9] The Louisiana Supreme Court denied Petitioner's writ application on January 22, 2010.[10]

Petitioner filed an application for post-conviction relief with the state district court on or about June 14, 2010, which was denied on July 23, 2010.[11] He filed a supplemental application, which was denied on August 17, 2010.[12] Petitioner's related writ applications were then denied by the Louisiana Fifth Circuit Court of Appeal on December 2, 2010,[13] and by the Louisiana Supreme Court on November 14, 2011.[14]

On or about February 22, 2012, Petitioner filed a timely application for federal *habeas*

---

[7] State Rec., Vol. I of III, transcript of May 16, 2006 at 77–78; State Rec., Vol. I of III, minute entry dated May 16, 2006.

[8] State Rec., Vol. I of III, transcript of June 30, 2008; State Rec., Vol. I of III, minute entry dated June 30, 2008.

[9] *State v. Riggins*, 08-714 (La. App. 5 Cir. 4/7/09); 13 So. 3d 187; State Rec., Vol. III of III.

[10] *State v. Riggins*, 09-1045 (La. 1/22/10); 25 So. 3d 129; State Rec., Vol. II of III.

[11] State Rec., Vol. II of III, Order dated July 23, 2010.

[12] State Rec., Vol. II of III, Order dated August 17, 2010.

[13] *Riggins v. Cain*, 10-725 (La. App. 5 Cir. 12/2/10); State Rec., Vol. II of III.

[14] *State ex rel. Riggins v. State*, 11-23 (La. 11/14/11); 75 So.3d 936; State Rec., Vol. II of III.

*corpus* relief.[15] Petitioner argued he was denied his Six and Fourteenth Amendment rights when: (1) the evidence was insufficient to support his conviction; (2) the trial court denied defense counsel's motion for a recess in order to obtain the presence of a witness; (3) the trial court refused to issue an instanter subpoena to summon Petitioner's alibi witness; (4) his trial counsel failed to ascertain prior to the commencement of trial whether his alibi witness was present to testify; and (5) his trial counsel failed to insure that all available means were exhausted by the sheriff's office in personal service of Petitioner's alibi witnesses on subpoenas return.[16] On October 9, 2012, the State filed a response arguing, *inter alia*, that Petitioner's claim challenging the sufficiency of the evidence was unexhausted.[17] Petitioner then filed a motion requesting leave to file an amended petition,[18] which was granted.[19] On or about November 30, 2012, he filed his amended petition which sought relief on only his exhausted claims.[20] On January 3, 2013, the State notified the Court that its original response was sufficient and, therefore, no additional response would be filed.[21]

**B. Report and Recommendation**

On May 2, 2013, the Magistrate Judge recommended that the petition be dismissed with prejudice.[22] First, the Magistrate Judge addressed Petitioner's claim that his rights were violated when the trial court denied a defense motion for recess to obtain the presence of an alibi witness who

---

[15] Rec. Doc. 3.

[16] *Id.* at 5.

[17] Rec. Doc. 12 at 11–13.

[18] Rec. Doc. 13.

[19] Rec. Doc. 14.

[20] Rec. Doc. 15.

[21] Rec. Doc. 16.

[22] Rec. Doc. 17 at 27.

had been served a trial subpoena but failed to appear.[23] The Magistrate Judge found that the Petitioner never offered evidence to show that the witness would have testified in a manner beneficial to his defense.[24] Therefore, the Magistrate Judge concluded that Petitioner failed to demonstrate that the witness's absence rendered his trial fundamentally unfair.[25]

The Magistrate Judge also rejected Petitioner's claims that his trial counsel was ineffective.[26] Applying the two-pronged test enumerated by the Supreme Court in *Strickland v. Washington*, the Magistrate Judge found that the Petitioner failed to carry his burden of proof.[27]

Finally, the Magistrate Judge addressed Petitioner's allegation that the trial court denied his right to compulsory process by refusing to issue instanter subpoenas.[28] The Magistrate Judge found that the claim was procedurally defaulted from review in a federal proceeding because the state courts had rejected Petitioner's claim under the Louisiana Code of Criminal Procedure.[29] Petitioner argued that his appellate counsel's ineffectiveness was the cause of the procedural default.[30] The Magistrate Judge found that Petitioner failed to meet the requirements to succeed on his claim of ineffective appellate counsel. Therefore, the Magistrate Judge concluded that Petitioner's third claim was procedurally barred from reviewed in federal court.[31]

---

[23] *Id.* at 9.

[24] *Id.* at 13.

[25] *Id.*

[26] *Id.* at 20.

[27] *Id.* at 14–20 (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

[28] *Id.* at 20.

[29] *Id.* at 20–23.

[30] *Id.* at 24.

[31] *Id.* at 26.

## II. Objections

### A. Petitioner's Objections

Petitioner objects to each of the findings of the Magistrate Judge.[32] Petitioner requests an evidentiary hearing to expand the record.[33] Regarding his claim that the trial court deprived him of his rights when it denied the motion for recess, Petitioner argues that his alibi subpoena notices show that one of his alibi witnesses, Lakeisha Robinson, was expected to testify that Petitioner was at Mike's Bar in Kenner at the time of the robbery and kidnapping.[34] He asserts that this "testimony was favorable [to him] and [his] defense was prejudiced by her absence" because the trial court would not allow for a recess and give time to secure her presence at trial.[35] Petitioner also disputes the Magistrate Judge's finding that he did not satisfy the requirements to succeed on a claim of ineffective counsel.[36] He contends his attorney was unaware that the alibi witness was not present until the day of trial.[37] He asserts that he was prejudiced by his attorney's deficient performance.[38]

Petitioner alleges that the Magistrate Judge erred in finding that he was procedurally barred from asserting that the trial court's refusal to issue instanter subpoenas denied Petitioner his compulsory service process.[39] Petitioner asserts that he "did argue on direct appeal that the failure to [sic] of the trial court to issue instanter subpoenas for his alibi witnesses deprived him of his right

---

[32] Rec. Doc. 18.

[33] *Id.* at 4.

[34] *Id.* at 2.

[35] *Id.*

[36] *Id.* at 2 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[37] *Id.*

[38] *Id.*

[39] *Id.*

to prepare a defense."[40]

### B. State's Response

The State of Louisiana did not file a brief in opposition to Petitioner's objection despite receiving notice of the filing posted on May 15, 2012.

### III. Standard of Review

### A. Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[41] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to." A District Court's review is limited to plain error of parts of the report which are not properly objected to.[42]

### B. Standard of Review Under the AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the power of federal courts to grant Writs of *Habeas Corpus* in cases where a state court has adjudicated the petitioner's claim on the merits.[43]

Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an

---

[40] *Id.* at 2–3.

[41] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[42] *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[43] *See*

unreasonable application of clearly established federal law, as determined by the Supreme Court."[44] The Supreme Court has made a distinction between the application of the "contrary to" and "unreasonable application" clauses.[45] A federal *habeas* court may issue the writ under the "contrary to" clause if the state court applies a rule in a way that is inconsistent with governing law and Supreme Court precedent on identical facts; a federal *habeas* court may issue the writ under the "unreasonable application" clause if the state court unreasonably applies the governing law to the facts of the case.[46]

Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[47]

## IV. Law and Analysis

### A. Denial of Recess

Petitioner objects to the Magistrate Judge's finding that his claim regarding the trial court's denial of a motion to recess should be denied. Petitioner argues that if the recess had been granted, defense counsel could have obtained the presence of a witness who was subpoenaed but failed to appear at trial. Petitioner argues that his alibi subpoena notices show that one of his alibi witnesses, Lakeisha Robinson, was expected to testify that Petitioner was at Mike's Bar in Kenner at the time of the robbery and kidnapping.

On direct appeal, the Louisiana Fifth Circuit Court of Appeal rejected Petitioner's claim that

---

[44] 28 U.S.C. §2254(d)(1).

[45] *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-404, (2000)).

[46] *Id.*

[47] 28 U.S.C. §2254(d)(2); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

7

his rights were violated when the trial court denied the defense motion for recess,[48] finding that the

defense failed to meet the statutory requirements for a recess.[49] The Louisiana Fifth Circuit noted

that due diligence was used to procure Robinson's attendance, because she had been subpoenaed.[50]

However, the court found that the defense's oral motion for a recess failed to state the facts to which

Robinson was expected to testify, or to state facts and circumstances showing a probability Robinson

would be available at the time to which the trial would be deferred.[51] The court concluded that "[t]he

mere suggestion that Robinson may have provided the defendant with an alibi is insufficient to

satisfy the requirement of  [sic] that facts be offered to prove her presence at trial necessary to the

defendant's case."[52]

In some instances, a denial of a continuance can violate due process. However, "[t]here are

no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due

process. The answer must be found in the circumstances present in every case, particularly in the

reasons presented to the trial judge at the time the request is denied."[53] The Louisiana Supreme Court

---

[48] *Riggins*, 13 So. 3d at 191–92. The Louisiana Supreme Court denied Petitioner's related writ application without assigning additional reasons. *Riggins*, 25 So. 3d at 129.

[49]  *Riggins*, 13 So. 3d at 192 (citing LA. CODE. CRIM. PRO. art. 709). Louisiana Code of Criminal Procedure Article 709 provides that a motion for a continuance based upon the absence of a witness must state:
    (1) Facts to which the absent witness is expected to testify, showing the materiality of the
    testimony and the necessity for the presence of the witness at the trial;
    (2) Facts and circumstances showing a probability that the witness will be available at the time to
    which the trial is deferred; and
    (3) Facts showing due diligence used in an effort to procure attendance of the witness.

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964) (internal citations omitted).

has held that "a motion for recess is evaluated by the same standards as a motion for continuance."[54]

The United States Fifth Circuit Court of Appeals has explained:

> A motion for continuance is addressed to the sound discretion of the trial court and will not be disturbed on a direct appeal unless there is a showing that there has been an abuse of that discretion.  When a denial of a continuance forms a basis of a petition for a writ of habeas corpus, not only must there have been an abuse of discretion but it must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process.[55]

When a motion for continuance for the purpose of securing defense witnesses is denied, several factors should be considered in considering whether denial of the motion was an abuse of the trial court's discretion including:

> the diligence of the defense in interviewing witnesses and procuring their presence, the probability of procuring their testimony within a reasonable time, the specificity with which the defense is able to describe their expected knowledge or testimony, the degree to which such testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony.[56]

In *Hicks v. Wainright*, the Fifth Circuit held the trial court's denial of a continuance deprived the petitioner of due process, because it prevented the petitioner from presenting his only expert witness on his insanity defense, which was the sole issue at trial.[57] The court found that the record showed that defense counsel was diligent in obtaining the witness's presence and the expert witness would have testified in a reasonable time.[58] The Fifth Circuit also relied on a proffer by the petitioner's counsel showing that the expert witness was prepared to testify that the petitioner was insane at the

---

[54] *State v. Warren*, 437 So. 2d 836, 838 (La. 1983).

[55] *Hicks v. Wainright*, 633 F.2d 1146, 1148 (internal citations omitted).

[56] *Id.* at 1149.

[57] *Id.*

[58] *Id.*

time of the offense for which he was being tried.[59]

      In the instant case, due diligence was used to procure the witness's attendance, because she had been subpoenaed. Her testimony was expected to favor Petitioner by establishing an alibi, and it was unique in nature. However, Petitioner's claim fails on the other prongs. Petitioner and several defense witnesses left the trial during a lunch recess and never returned.[60] The trial court found it improbable that defense counsel could procure the witnesses in a reasonable time, noting "if I thought that there was a chance that your client was showing up, I would [grant a continuance]."[61] Because the witnesses voluntarily left the trial with Petitioner during the lunch recess and did not return, it is uncertain whether there was a probability of procuring their testimony within a reasonably time. Further, Petitioner has not shown that the trial court's grant of a continuance would have resulted  in the appearance at trial of the witness.

      The Fifth Circuit has held "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."[62] Although not controlling, this Court notes that at least one district court has applied this evidentiary standard to a trial court's denial of a recess.[63]  The court found the petitioner's conclusory speculation regarding the testimony of the witness insufficient to establish what the witness's testimony at trial would have been.[64]

---

[59] *Id.*

[60] State Rec., Vol. I of III, transcript of May 16, 2006 at 5–7.

[61] *Id.* at 51.

[62] *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

[63] *Higgins v. Quaterman*, No. 04-CV-154, 2007 WL 2695279 *9 (N.D. Tex. Sept. 14, 2007).

[64] *Id.*

In his objections, Petitioner merely offers his own conclusory statements that Lakeisha Robinson was expected to testify that Petitioner was at Mike's Bar in Kenner at the time of the robbery and kidnapping.[65] The Court finds Petitioner's conclusory speculation regarding the testimony of the witness insufficient to establish what the witness's testimony at trial would have been. Petitioner has not shown that Lakeshia Robinson would have testified in a manner beneficial to the defense. Accordingly, Petitioner cannot show the trial court's denial of a continuance to secure the witness was so arbitrary and fundamentally unfair that it violates constitutional principles of due process.

Petitioner cannot show that the state court's decision denying his claim was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court. Accordingly, upon *de novo* review of the issue and under the deferential standards of review mandated by the AEDPA, the Court finds Petitioner's claim without merit.

### B. Ineffective Assistance of Counsel

Petitioner objects to the Magistrate Judge's finding that his defense counsel did not deprive him of his Sixth Amendment right to a fair trial. To succeed on such a claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[66] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[67]

---

[65] Petitioner states in his petition that he obtained a "sworn affidavit recently signed by Ms. Robinson" which he would mail to this Court "shortly." Rec. Doc. 15, at 13, 31. However, in the approximately 18 months that have passed since the petition was filed, the Court has never received any such affidavit. Even if it had been received, the affidavit would be inadmissible because *habeas corpus* review of this claim is strictly limited to the record that was before the state courts. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

[66] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[67] *Id.* at 697.

To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[68] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[69] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[70]

To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[71] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[72] As courts determine whether this prong is satisfied, they must consider "the relative role that the alleged trial errors played in the total context of [the] trial."[73]

In the instant case, during the state post-conviction proceedings, the state district court noted that petitioner and his witnesses left the trial prior to opening statements and did not return.[74] "Trial counsel filed a witness list, checked service prior to trial, and had several witnesses served the day before trial. Additionally, trial counsel moved for a recess to allow more subpoenas, which was denied by the court."[75] The state district court went on to find that counsel's performance was not

---

[68] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Matheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[69] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[70] *See Strickland*, 466 U.S. at 689.

[71] *Id.* at 694.

[72] *Id.*

[73] *Crockett*, 796 F.2d at 793.

[74] State Rec. Vol. II of III, Order dated July 23, 2010.

[75] *Id.*

deficient and Petitioner was not prejudiced by his counsel's performance.[76]

As the record shows, the state court identified the governing legal standard found in *Strickland* and applied it to Petitioner's ineffective assistance of counsel claim. Because Petitioner repeats the same ineffective-assistance claim on federal *habeas* corpus review, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[77] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[78] Thus, this standard is considered "doubly deferential" on *habeas corpus* review.[79] For the reasons discussed below, Petitioner has not shown that the state court's decision was unreasonable under this doubly deferential standard.

Petitioner's has not shown that his defense counsel's performance was deficient. In his objections to the Report and Recommendation, Petitioner argues that his attorney's performance was deficient because he was unaware that the alibi witness was not present until the day of trial. However, defense counsel acted diligently by filing a witness list, checking service prior to trial, and having several witnesses served the day before trial. Additionally, defense counsel moved for a recess to allow time to locate the witnesses, which was denied by the trial court.

Further, Petitioner has not shown that he was prejudiced by his defense counsel's

---

[76] *Id.* Both the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court denied Petitioner's related writ application. *Riggins v. Cain*, 10-725 (La. App. 5 Cir. 12/2/10); *State ex rel. Riggins*, 75 So. 3d at 936.

[77] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)) (quotation marks omitted).

[78] *Id.*

[79] *Id.*

performance. The Fifth Circuit "has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative."[80] District courts have found that where the only evidence of a missing witness's testimony is from the defendant and no affidavit or other evidence as to the testimony the witness would have offered is provided, claims of ineffective counsel fail for lack of prejudice.[81] As discussed thoroughly above, Petitioner has presented no evidence, absent his own conclusory statements, showing that the missing witness would have testified in a manner beneficial to his defense. Petitioner has not demonstrated that the state court's decision denying his claim was contrary to, or involved an unreasonable application of clearly established federal law, as required by the Supreme Court. Accordingly, upon *de novo* review and under the deferential standards of review mandated by the AEDPA, the Court finds Petitioner's claim without merit.

### C. Refusal to Issue Subpoenas/ Denial of Compulsory Process

Finally, Petitioner objects to the Magistrate Judge's finding that he was procedurally barred from asserting that the trial court's refusal to issue instanter subpoenas denied Petitioner his compulsory service process. The Fifth Circuit Court of Appeals has held that a *habeas corpus* claim may not be reviewed in federal court "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."[82] Where a state court rejects a petitioner's claim based

---

[80] *Coleman v. Thaler*, 716 F.3d 895, 906 (5th Cir. 2013).

[81] *Combs v. United States*, No. 3:08-CV-0032 and 3:03-CR-0188, 2009 WL 2151844, at *10 (N.D. Tex. July 10, 2009); *Harris v. Director*, No. 6:06-cv-490, 2009 WL 1421171, at *7 (E.D. Tex. May 20, 2009), (citing *Sayre v. Anderson*, 238 F.3d 631, 635–36 (5th Circuit 2001)).

[82] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001).

on an independent and adequate state procedural rule, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[83] "To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him."[84] A showing of ineffective assistance of counsel may be one such external factor.[85]

In this case, the state court found that Petitioner's compulsory process claim was procedurally barred under Louisiana Code of Criminal Procedure Article 930.4(C)[86] because the claim was raised at trial and not pursued on appeal.[87] Louisiana Code of Criminal Procedure Article 930.4(C) is well established as an independent and adequate state court ground sufficient to procedurally bar claims from *habeas corpus* review.[88] Accordingly, Petitioner's claim is only appropriate for federal *habeas corpus* review if he demonstrates cause and prejudice or show that, absent federal review, there will be a fundamental miscarriage of justice.

In his objections to the Report and Recommendation, Petitioner contends that he argued on direct appeal that the failure of the trial court to issue instanter subpoenas for his alibi witnesses

---

[83] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

[84] *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).

[85] *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992).

[86] LA. CODE CRIM. P. art. 930.4(C) ("If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief.").

[87] State Rec., Vol. II of III, Order dated July 23, 2010; *Riggins v. Cain*, 10-725 (La. App. 5 Cir. 12/2/10); *State ex rel. Riggins*, 75 So. 3d at 936 (Petitioner's related writ application denied without assigning reasons). "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground." *Finley*, 243 F.3d at 218.

[88] *See Brown v. Cain*, Civ. Action No. 11-2267, 2011 WL 7042222, at *8 (E.D. La. Dec. 20, 2011), *adopted* 2012 WL 123288 (E.D. La. Jan. 17, 2012); *Thomas v. Cain*, Civ. Action No. 11-2408, 2011 WL 6046536, at *5 (E.D. La. Nov. 17, 2011), *adopted*, 2011 WL 6028779 (E.D. La. Dec. 5, 2011); *Young v. Travis*, Civ. Action No. 07-3542, 2011 WL 494811, at *8 (E.D. La. Jan. 13, 2011), *adopted*, 2011 WL 494802 (E.D. La. Feb. 4, 2011).

deprived him of his right to prepare a defense. However, review of Petitioner's brief to the Louisiana Fifth Circuit Court of Appeal on direct appeal shows that Petitioner did not raise the issue.[89] Accordingly, upon *de novo* review of the issue, the Court finds Petitioner's claim is procedurally barred.

Petitioner did not object to the Magistrate Judge's findings regarding ineffective assistance of his appellate counsel. A procedurally defaulted ineffective assistance of counsel claim may not serve as "cause" for a procedurally barred claim unless Petitioner shows "cause and prejudice" for the defaulted ineffective assistance of counsel claim.[90] Because Petitioner did not argue in his state post-conviction application that his appellate counsel was ineffective, any such ineffective assistance of appellate counsel claim would itself be procedurally defaulted under Louisiana Code of Criminal Procedure Article 930.4(C).[91] The Magistrate Judge found Petitioner made no showing of "cause and prejudice" in this case. The Magistrate Judge also found that Petitioner failed to shown that his appellate counsel's performance was deficient. Reviewing for plain error, the Court finds none and adopts the Magistrate Judge's finding that Petitioner's appellate counsel was not ineffective.

---

[89] State Rec., Vol. III of III, "Original Brief on the Merits on Behalf of Defendant/Appellant, Brandon D. Riggins."

[90] *Edwards v. Carpenter*, 529 U.S. 446, 452–453 (2000).

[91] LA. CODE CRIM. P. art. 930.4(E) ("A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application.").

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation, and Petitioner Brandon Riggins's petition for issuance of a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 16th day of July, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**